## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NEW CARSUN HILLS, L.P., | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.: _____ |
| NATIONAL FOAM INC., CARTERET FIRE DEPARTMENT, HOPELAWN FIRE DEPARTMENT, ISELIN FIRE DEPARTMENT #1, ISELIN FIRE DEPARTMENT #9, ISELIN FIRE DEPARTMENT #11, PORT READING FIRE DEPARTMENT, MIDDLESEX COUNTY FIRE MARSHALL, STATE OF NEW JERSEY, INSURANCE AUTO ACTIONS, INC., ABC CORPORATIONS 1-99, ABC PUBLIC ENTITIES 1-99, AND JOHN DOES 1-99, | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 110, 1331, 1332, 1441, 1442(a)(2), and 1446, defendant National Foam, Inc. ("National Foam") hereby removes this action, captioned at *New Carsun Hills, L.P. v. National Foam Inc., et al.*, Docket No. MID-L-004426-22 (attached hereto as Exhibit A), from the Superior Court of New Jersey, Law Division: Middlesex County, to the United States District Court for the District of New Jersey.

## I.   <u>PRELIMINARY STATEMENT</u>

1.      Plaintiff, New Carsun Hills, L.P. ("New Carsun") seeks to hold National Foam liable based on its alleged conduct in designing, manufacturing, and/or selling aqueous film-forming foams ("AFFF") that Plaintiff alleges the fire department defendants used during a fire at Plaintiff's premises at the direction of the State of New Jersey.

2.      Plaintiff alleges that per- and polyfluorinated substances ("PFAS"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonic acid ("PFOS"), were contained in National Foam's AFFF, that these substances were released into the environment.

3.      "Part 139" civilian airports are a plausible source of the AFFF that has allegedly caused Plaintiff's injuries. Part 139 airports are required by law to stock and use AFFF manufactured by a select group of suppliers (including National Foam) whose products appear on the Department of Defense ("DoD") Qualified Products List for sale to the United States military and others in accordance with the military's rigorous specifications ("MilSpec AFFF").  Under the federal "government contractor" defense recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), National Foam is immune to tort liability for its design and manufacture of MilSpec AFFF and their provision of warnings for the product.  Under the federal officer removal statute, 28 U.S.C. § 1442, National Foam is entitled to remove this action in order to have its federal defense adjudicated in a federal forum.[1]  Such removal "fulfills the federal officer removal statute's purpose of protecting persons who, through contractual relationships with the Government, perform jobs that the Government otherwise would have performed."[2]

---

[1] *See Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 810–15 (3d Cir. 2016) (alterations in original).
[2] *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 133 (2d Cir. 2008).

4.     Additionally, Plaintiff fraudulently joined the Fire Department Defendants and the State of New Jersey, and therefore, there is complete diversity of citizenship, enabling National Foam to remove pursuant to 28 U.S.C. § 1332.

## II.     FACTUAL BACKGROUND

### A.     The "Insurance Auto" Lawsuit

5.     On March 24, 2022, a defendant in this lawsuit, Insurance Auto Auction, Inc. ("Insurance Auto"), filed a Complaint against National Foam, the State of New Jersey, and many of the same fire departments named in this action, alleging that a fire occurred on or around March 26, 2020 at premises located at 700 Federal  Boulevard in the Borough of Carteret (the "Federal Boulevard Site"), owned by the instant plaintiff New Carsun and leased to Insurance Auto, and that National Foam's Universal Gold Fire Fighting Foam was used to put out the fire, resulting in environmental contamination.  *See* Insurance Auto Complaint, attached hereto as Exhibit B.  That lawsuit was originally captioned at *Insurance Auto Auctions, Inc. v. Carteret Fire Department, et al.*, Docket No. MID-L-1809-21, from the Superior Court of New Jersey, Law Division: Middlesex County (the "Insurance Auto Lawsuit").

6.     The Insurance Auto Lawsuit raises nearly identical claims as the instant lawsuit concerning the same property, the Federal Boulevard Site.[3]

7.     National Foam timely removed that matter to the to the United States District Court for the District of New Jersey.[4]

8.     National Foam removed the action on the basis of diversity jurisdiction and federal officer removal, the same reasons argued, *infra*.[5]

---

[3] *Compare* Ex. B (Insurance Auto Lawsuit Complaint) at Counts One, Two, Three, Five and Nine, *with* Ex. A (instant Complaint) at Counts One, Two, Three, Five and Nine.
[4] August 24, 2022 Order of Judge Richard Gergel, attached hereto as Exhibit C.
[5] *Id.* at 2.

9.      After the matter was transferred to the Multi-District Litigation, on August 24, 2022, Judge Gergel denied Iselin Fire Department #9 and Iselin Fire Department #11's motion to remand, holding that removal based on federal officer removal was proper because National Foam's design of AFFF "may constitute 'acting under' the military's guidance.[6]"  Additionally, Judge Gergel held that "National Foam has a 'colorable' federal defense of government contractor immunity."[7]

**B.      This Lawsuit**

10.      Because this lawsuit concerns the same faces, circumstances, claims and likely defenses as the Insurance Auto Lawsuit (only raised by a different plaintiff, here, the landowner), removal should be granted.

11.      On September 2, 2022, plaintiff, New Carsun, filed its Complaint in the Superior Court of New Jersey, Law Division: Middlesex County.[8]

12.      Plaintiff sues the following alleged defendants (the "Fire Department Defendants") as "bod[ies] corporate and public of the County of Middlesex, State of New Jersey:"

-   Carteret Fire Department
-   Hopelawn Fire Department
-   Iselin Fire Department #1
-   Iselin Fire Department #9
-   Iselin Fire Department #11
-   Port Reading Fire Department
-   Middlesex County Fire Marshall[9]

13.      Plaintiff sues the State of New Jersey as a Body Corporate and Politic.[10]

---

[6] *Id.* at 3.
[7] *Id.* at 4.
[8] *See* Ex. A (Complaint).
[9] *Id.* at ¶¶ 3-9.
[10] *See id.* at ¶ 10.

14.     Plaintiff sues National Foam as a Delaware corporation with a principal place of business in North Carolina.[11]

15.     Plaintiff sues John Does 1-99, ABC Corporations 1-99 and ABC Public Entities 1-99.[12]

16.     Plaintiff sues Insurance Auto Auctions Inc. ("Insurance Auto") as an Illinois corporation with a principal place of business in Illinois.[13]

17.     Plaintiff's Complaint arises out of the same fire that occurred on or around March 26, 2020 at the Federal Boulevard Site, owned by Plaintiff and leased by Insurance Auto.[14] Plaintiff alleges that the Fire Department Defendants responded to the fire and applied Universal Gold AFFF to the fire that was produced by National Foam.[15]

18.     Plaintiff alleges that, as a result of National Foam's design, manufacture, marketing and sale of AFFF products containing PFOS, PFOA and/or their precursors, groundwater, sediments, soils, biota, and other natural resources at or near the Federal Boulevard Site have become contaminated with PFOS and/or PFOA.[16]

19.     Plaintiff alleges that the State of New Jersey "authorized, supplied and/or instructed the Fire Department Defendants to use Universal Gold AFFF."[17]

---

[11] *See id.* at ¶ 2.
[12] *See id.* at ¶ 12.
[13] *See id.* at ¶ 11.
[14] *See Ex.* A at ¶ 16-25.
[15] *See id.*
[16] *See id.* at ¶ 79.
[17] *Id.* at ¶ 23.

20.     The Complaint raises the following causes of action against National Foam: (1) strict products liability – design defect; (2) strict products liability – failure to warn; (3) negligent common law products liability; (4) violation of the New Jersey Spill Compensation and Control Act, pursuant to N.J.S.A. 58:10-23.11 *et seq.* ("NJ Spill Act"); and (5) private nuisance.[18]

21.     The Complaint raises the following causes of action against the Fire Department Defendants and the State of New Jersey for claims that are precluded due to sovereign immunity. Those causes of action include:  (1) violation of the NJ Spill Act;  (2) "palpably unreasonable conduct"; (3) private nuisance; (4) trespass upon land.[19]

22.     The Complaint does not plead that it was timely served in compliance with the New Jersey Tort Claims Act, N.J.S.A. 59:8-8 (the "NJTCA"), nor does the Complaint allege that its claims warrant tolling of the statutory 90-day accrual period.

23.     The Complaint raises the following causes of action against Insurance Auto: (1) breach of lease; and (2) breach of the covenant of good faith and fair dealing.[20]

24.     Time for removal begins to run when the removing defendant is formally served with process.[21]  National Foam has not yet formally been served with process; however, counsel for Plaintiff provided counsel for National Foam with a copy of the Complaint on September 22, 2022 *via* email.  Accordingly, this Notice of Removal is timely filed.[22]

25.     There are no proofs of service on the docket, as required by New Jersey Rule of Court 1:5-3.  Thus, National Foam does not believe that any other parties have been formally served.

---

[18] *See id.* at Counts One, Two, Three, Five and Nine.
[19] *See id.* at Counts Four, Six, Seven, Eight, Nine and Ten.
[20] *See id.* at Counts Eleven and Twelve.
[21] *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999).
[22] *See* 28 U.S.C. § 1446(b)(1).

### III.   VENUE AND JURISDICTION

26.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 110, 1391, 1441(a) and 1446(a) because the Superior Court of New Jersey, where this complaint was filed, is a state court within the District of New Jersey.

27.    Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between . . . citizens of different States" and in actions between "citizens of a State and citizens or subjects of a foreign state [. . .]"[23]

28.    Removal from a state court to a federal court is thus proper under 28 U.S.C. § 1332 when: (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000, exclusive of costs and interest.

29.    A copy of the state court docket is attached hereto as Exhibit "D".

30.    Additionally, Removal here is proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which provides for removal of an action relating to a defendant's acts undertaken at the direction of a federal officer.

31.    By filing a Notice of Removal in this matter, National Foam does not waive the rights of any defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and National Foam specifically reserves the rights of all defendants to assert any defenses and/or objections to which they may be entitled.

32.    Moreover, National Foam reserves the right to amend or supplement this Notice of Removal.

---

[23] 28 U.S.C. § 1332(a)(1), (2).

33.     If any question arises as to the propriety of the removal of this action, National Foam requests the opportunity to present a brief and requests oral argument in support of removal.

34.     As shown below, this case is removable to federal court based on diversity jurisdiction under 28 U.S.C. § 1332 and based on the federal officer removal statute under 28 U.S.C. § 1442(a)(1) because National Foam has a colorable basis for federal officer jurisdiction, which is all that is required at this stage of the case.

## IV.     REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A.     <u>Because the Fire Department Defendants and the State of New Jersey are Fraudulently Joined, There is Complete Diversity of Citizenship</u>

35.     "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all plaintiffs and all named defendants."[24]

36.     For purposes of determining a federal court's subject matter jurisdiction based on diversity of citizenship, a corporation is considered to be a citizen of the state of its incorporation and the state where it has its principal place of business.[25]

37.     Plaintiff pleads that it is a limited partnership with offices located in New Jersey.[26]

38.     Plaintiff pleads that the Fire Department Defendants are "bod[ies] corporate and public of the County of Middlesex, State of New Jersey."[27]

39.     Plaintiff pleads that the State of New Jersey as a Body Corporate and Politic.[28]

40.     Plaintiff pleads that National Foam as a Delaware corporation with a principal place of business in North Carolina.[29]

---

[24] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).
[25] *See* 28 U.S.C. § 1332(a).
[26] *See* Ex. A at ¶ 1.
[27] *Id.* at ¶¶ 3-9.
[28] *See id.* at ¶ 10.
[29] *See id.* at ¶ 2.

41.     Plaintiff pleads that John Does 1-99, ABC Corporations 1-99 and ABC Public Entities 1-99,[30] but, for a diversity analysis, "the citizenship of defendants sued under fictitious names shall be disregarded."[31]

42.     Plaintiff pleads that Insurance Auto Auctions Inc. ("Insurance Auto") as a Illinois corporation with a principal place of business in Illinois.[32]

43.     The Fire Department Defendants and the State of New Jersey are fraudulently joined.  "The doctrine of fraudulent joinder permits a federal court to 'disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction.'"[33]

44.     To demonstrate that a defendant has been fraudulently joined, "the removing party must establish either: (1) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) that there has been outright fraud in the plaintiff's pleading of jurisdictional facts."[34]

45.     There is "no possibility" that plaintiff can establish a cause of action against the Fire Department Defendants and the State of New Jersey because under the NJTCA, public entities are immune from suit except where the act expressly permits suit.[35]   The Fire Department Defendants and the State of New Jersey are "public entities" pursuant to the NJTCA.[36]

---

[30] *See id.* at ¶ 12.
[31] 28 U.S.C. § 1441(a).
[32] *See id.* at ¶ 11.
[33] *Kueilin Lu Tu v. U-Haul Co. of S.C.*, 333 F. Supp. 3d 576, 580 (D.S.C. 2018) (quoting *Flores v. Ethicon, Inc.*, 563 F. App'x 266, 269 (4th Cir. 2014)).
[34] *Id.*
[35] *See* N.J.S.A. 59:2-1.
[36] N.J.S.A. 59:1-3.

46.     According to N.J.S.A. 59:8-3, "no action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter."  Plaintiff was required to provide notice "not later than the 90th day after accrual of the cause of action."[37]

47.     Yet, Plaintiff does not plead it provided notice of its claim within 90 days of accrual of the cause of action, on March 26, 2020.  Because plaintiff failed to comply with the notice requirements of the NJTCA, it has no possibility of recovery against the Fire Department Defendants and the State of New Jersey and they are thus, improperly joined.[38]

**B.     The Amount in Controversy Requirement is Satisfied**

48.     The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.[39]   As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[40]   Where the complaint does not specify a precise dollar amount sought, the Court may determine whether the amount-in-controversy requirement is satisfied based on a "a reasonable reading of the value of the rights being litigated."[41] While National Foam denies that plaintiff is entitled to any monetary or other relief, the amount in controversy here is plainly in excess of the jurisdictional minimum.

---

[37] N.J.S.A. 59:8-8.
[38] *J.P. v. Smith*, 134 A.3d 977, 991 (App. Div. 2016) ("Plaintiff's failure to comply with the time requirement of N.J.S.A. 59:8–8(a) constitutes an absolute bar to recovery").
[39] *See* 28 U.S.C. § 1332(a).
[40] *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy").
[41] *Werwinski v. Ford Motor Co.*, 286 F.2d 661, 666 (3d Cir. 2002) (quoting *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993)).

49.     In this action, Plaintiff is seeking monetary damages based on 12 distinct Claims of Relief, and Plaintiff seeks to recover, *inter alia*, monetary damages for "all costs to investigate, remediate, and otherwise respond to PFOS and PFOA contamination;" "all damages in an amount at least equal to the full cost of restoring the Federal Boulevard Site to its original condition prior to" the alleged contamination;" compensatory, consequential and punitive damages; as well as costs of past and future investigation and remediation.[42]

50.     Any reasonable reading of Plaintiff's allegations confirms that the amount-in-controversy requirement is satisfied here.

## V.     This Action Must Be Removed Pursuant to Federal Officer Removal Statute

51.     Removal here is proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which provides for removal of an action relating to a defendant's acts undertaken at the direction of a federal officer.  Removal is appropriate under this provision where the removing defendant establishes that: (a) it is a "person" within the meaning of the statute; (b) it acted under federal authority; (c) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (d) it can assert a "colorable" federal defense.[43]

52.     Removal rights under the federal officer removal statute are much broader than under the general removal statute, 28 U.S.C. § 1441.  Suits against defendants acting on behalf of federal officers "may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law."[44]  This is because § 1442 protects "the government's need to provide a federal forum for its officers and those who are 'acting under' a

---

[42] *See* Ex. A at WHEREFORE clause.
[43] *Papp*, 842 F.3d at 812; *cf. Mesa v. California*, 489 U.S. 121, 124–25, 129–31, 133–35 (1989); *Cuomo v. Crane Co.*, 771 F.3d 113, 115 (2d Cir. 2014); *Isaacson*, 517 F.3d at 135; *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).
[44] *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999).

federal office."[45]   This important federal policy "should not be frustrated by a narrow, grudging interpretation of [§] 1442(a)(1)."[46]   To the contrary, § 1442 as a whole must be "liberally construe[d]" in favor of removal.  *Papp*, 842 F.3d at 812 (alterations in original) (internal quotation marks omitted).

53.    The Site in question in this action is in close proximity to the Linden Municipal Airport and the Newark International Airport, which the Federal Aviation Administration ("FAA") requires to use Mil-Spec AFFF, such that any PFAS onsite is likely partially the fault of the airports.  Since 2006, the FAA has required Part 139 civilian airports to purchase and use Mil-Spec AFFF.[47]  Because the site that is the subject of this action is approximately two miles from the Linden Airport, it is highly probable Mil-Spec AFFF contributed to any alleged contamination at the site.  Based on the FAA's requirement that airports use Mil-Spec AFFF, any alleged contamination may be in part attributed to the government, and therefore, federal officer removal applies pursuant to 28 U.S.C. § 1442(a)(1), as National Foam will employ the government contractor defense first articulated in *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988).

54.    A federal court, in a thorough and well-reasoned opinion issued before the formation of the MDL, agreed that manufacturers' supply of AFFF made pursuant to the military's specifications ("MilSpec AFFF") provides a basis for federal-officer removal in a case involving contamination stemming from use of MilSpec AFFF.[48]

---

[45] *Albrecht v. A.O. Smith Water Prods.*, No. 11 Civ. 5990(BSJ), 2011 WL 5109532, at *3 (S.D.N.Y. Oct. 21, 2011) (citation omitted).
[46] *Willingham v. Morgan*, 395 U.S. 402, 407 (1969); *see Durham*, 445 F.3d at 1252.
[47] *See* FAA Part 139 CertAlert No. 16-05, §3 (Airport operators must ensure any AFFF purchased after July 1, 2006, meets Mil-Spec standards), attached hereto as Exhibit "E".
[48] *See Ayo, et al. v. 3M et al.*, 2018 WL 4781145 (E.D.N.Y. Sept. 30, 2018).

55.     The court overseeing the Multi-District Litigation has found on multiple occasions that removal under § 1442 is proper where the notice of removal alleges that plaintiffs' injuries are caused, at least in part, by MilSpec AFFF.[49]  Given its experience with the claims and defenses in AFFF litigation, the Multi-District Litigation Court's holdings clearly demonstrate that this case, too, has been properly removed to federal court.[50]

56.     Most important, as discussed, *supra*, the court in the Multi-District Litigation has already determined that the facts, circumstances, claims and defenses relevant to this property warrant removal of the nearly identical Insurance Auto Lawsuit.[51]  There, the court concluded National Foam has a "colorable" federal defense of government contractor immunity.[52]  Likewise, this matter should be removed.

## VI.   NATIONAL FOAM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446

57.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

58.     The United States District Court for the District of New Jersey embraces the county in which the state court action is now pending.  Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1446(b).

59.     As discussed *supra*, this Court has original jurisdiction of this action based on diversity and federal officer removal.

---

[49] *See* Order, *In re AFFF Prods. Liab. Litig.*, MDL No. 2:18-mn-2873-RMG, ECF No. 103 (D.S.C. May 24, 2019) ("MDL Order 1"), at 3–6; Order, *In re AFFF Prods. Liab. Litig.*, MDL No. 2:18-mn-2873-RMG, ECF No. 320 (D.S.C. Sept. 27, 2019) ("MDL Order 2"), at 3–5; Order, *In re AFFF Prods. Liab. Litig.*, MDL No. 2:18-mn-2873-RMG, ECF No. 325 (D.S.C. Oct. 1, 2019) ("MDL Order 3"), at 3–6.
[50] Following removal, National Foam intends to designate this action for transfer to the MDL.
[51] *See* Ex. C, *passim*.
[52] *Id.* at 4.

60.     Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal and a copy of the Notice of Removal with the clerk of the Superior Court of Middlesex County and will serve a copy of this Notice of Removal and its attachments on all parties to the removed action.

WHEREFORE, Notice is given that this action is removed from the Superior Court of New Jersey, Law Division: Middlesex County, to the United States District Court for the District of New Jersey.

 Dated:  September 26, 2022                **GREENBERG TRAURIG LLP**

                                           */s/ Keith E. Smith*
                                           Keith E. Smith, Esq. (NJ Bar No. 050221992)
                                           1717 Arch Street, Suite 400
                                           Philadelphia, PA 19103
                                           T:  215.988.7800
                                           F:  215.988.7801
                                           smithkei@gtlaw.com

                                           ***Attorneys for defendant National Foam Inc.***

14

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 26, 2022, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL**, to be served *via* the Court's CM/ECF system, and U.S. Mail or electronic mail (as noted below), upon the following counsel of record or parties:

**Counsel for Parties Served *via* Email**

NEW CARSUN HILLS, L.P.
Luke J. Kealy, Esq.
Greenbaum, Rowe, Smith & Davis LLP
99 Wood Avenue South
Iselin, NJ 08830-2712
lkealy@greenbaumlaw.com

*Attorneys for plaintiff*

STATE OF NEW JERSEY
Office of Attorney General – Division of Law
NJAG.ElectronicService.CivilMatters@law.njoag.gov[53]

**Parties Served *via* U.S. Mail at Last Known Address**

CARTERET FIRE DEPARTMENT
240 Roosevelt Avenue
Carteret, NJ 07008

HOPELAWN FIRE DEPARTMENT
127 Loretta Street
Hopelawn, NJ 08861

ISELIN FIRE DEPARTMENT #1
1222 Green Street
Iselin, NJ 08830

ISELIN FIRE DEPARTMENT #9
1222 Green Street
Iselin, NJ 08830

---

[53] Service to be made pursuant to the order of the New Jersey Supreme Court signed, April 7, 2020.

ISELIN FIRE DEPARTMENT #11
20 Auth Avenue
Iselin, NJ 08830

PORT READING FIRE DEPARTMENT
916 West Avenue
Port Reading, NJ 07064

MIDDLESEX COUNTY FIRE MARSHAL
1001 Fire Academy Drive
Sayreville, NJ 08872

INSURANCE AUTO AUCTIONS, INC.
2 Westbrook Corporate Center
10th Floor
Westchester, IL 60154


*/s/ Keith E. Smith*
Keith E. Smith, Esq. (NJ Bar No. 050221992)

2